### BROWN et al. v. LINKENHOGER.
### No. 11256.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 12, 1943.

Rehearing Denied Dec. 8, 1943.

See, also, 153 S.W.2d 342.

Sidney P. Chandler, of Corpus Christi, and Birkhead, Beckmann, Stanard & Vance and W. Glendon Roberts, all of San Antonio, for appellants.

B. D. Kimbrough, of McAllen, for appellee.

MURRAY, Justice.

This is the second appeal of this case. Our opinion on the first appeal is found in Linkenhoger v. Brown, 128 S.W.2d 163. The trial began to a jury but upon completion of the evidence defendant, Edgar M. Linkenhoger, Jr., moved for a peremptory instruction, which was granted and judgment rendered that plaintiffs, H. T. Brown and W. G. Winters take nothing, from which judgment plaintiffs have prosecuted this appeal.

The all important question here presented is, Was the fugitive oil floating on the waters of Petronila Creek in the exclusive possession of Brown and Winters so as to give them title thereto?

This oil had escaped from a well belonging to one O. W. Killam and had traveled some ten miles where it was discovered by plaintiffs floating on the waters of Petronila Creek. The land was owned on both sides by Mr. Spessard. Plaintiffs nailed twelve-inch boards to a bridge upon a county road which crossed Petronila Creek and thus stopped the flow of the oil down the creek. The boards were so placed that the water could flow under the boards while the oil was retained. They also erected a floating dam up the creek to prevent the oil from being blown by the wind upstream. The dam was so constructed that when oil accumulated above it, it could be raised and the oil allowed to flow into the trap created by the two dams. Petronila Creek was a natural water course and a statutory navigable stream. Plaintiffs sold defendant about 400 barrels of this oil and delivered it to him by digging small pits or sumps in the bank of the creek and placing a board at the mouth of the pit, just above the level of the water but low enough to permit the oil to be drained into the pit. The oil was then pumped into tanks mounted on trucks belonging to defendant. These 400 barrels of oil were paid for by defendant.

Thereafter defendant took his own pumps and dug some pits in the creek bank, and from those pits or sumps pumped some 4,000 barrels of oil, and it is the value of this oil that is the subject matter of this suit. There is evidence that an employee of plaintiffs helped defendant dig and prepare his pits or sumps. Plaintiffs testified that they spoke to Spessard before entering his premises to capture the oil, thus implying that they had his permission to go upon his premises for the purpose of taking this oil. Defendant also established the fact that he had permission from Spessard to go upon his premises and take this oil.

We have concluded that plaintiffs did not have exclusive possession of the oil floating upon the waters of Petronila Creek, such as would give them title to this fugitive oil. The evidence clearly shows that Petronila Creek is a statutory navigable stream and at the place where the oil was found the tide ebbs and flows. The bed of such creek belongs to the State from cut bank to cut bank. The dam created by nailing the boards to the county bridge was in fact not a floating dam which would rise and fall with the water of the creek, but a stationary one. Any rise in the creek of more than twelve inches would have sent the oil over this dam. Plaintiffs had tacked some ducking cloth above these boards, but this cloth would not have held the water if there had been a rise. The fugitive oil was not in the possession of anyone until it was pumped from the creek and securely placed in tanks. As was contended by defendant, the oil was as much his as plaintiffs, so long as it was floating upon the water of a navigable stream. Linkenhoger v. Brown, Tex.Civ. App., 128 S.W.2d 163; Magnolia Petroleum Co. v. Dodd, 125 Tex. 125, 81 S.W.2d 653.

The judgment is affirmed.